IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS.  CRIMINAL NO. 1:04cr5-3WJG
 CIVIL ACTION NO. 1:05cv310WJG

LATORIA NACOLE GRACE

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Latoria Nacole Grace's motion to vacate, set-aside or correct sentence [47-1] pursuant to 28 U.S.C. § 2255. After due consideration of the arguments, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows:

On or about April 5, 2004, Grace pleaded guilty to one count of possession with intent to distribute at least 5 grams but less than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). As part of her negotiated plea agreement, Grace waived her right to appeal the conviction/sentence or the manner in which it was imposed. In addition, she waived her right to contest the conviction/sentence in a post conviction proceeding or by section 2255 motion. On July 28, 2004, the Court sentenced Grace to 70 months imprisonment, 60 months supervised release and a $100.00 special assessment. On August 2, 2004, the Court entered its Judgment of conviction. Grace did not file an appeal, but on June 23, 2005, Grace filed the instant motion, seeking resentencing based on *United States v. Booker,* 125 S. Ct. 738 (2005), and *Blakely v. Washington,* 124 S. Ct. 2531 (2004).

As noted above, Grace entered a negotiated plea of guilty pursuant to a plea agreement which contained an unambiguous waiver of her right to appeal the conviction/sentence or contest the conviction/sentence in any post-conviction proceeding.  (Ct. R., Doc. 29, ¶ 15.)  A defendant may, as part of a plea agreement, waive the right to appeal, *U.S. v. Cuevas-Andrade,* 232 F.3d 440, 446 (5th Cir.2000) (citing *United States v. Melancon*, 972 F.2d 566 (5th Cir.1992)), and the right to seek post-conviction relief.  *United States v. Wilkes,* 20 F.3d 651, 653-54 (5th Cir.1994).  The record clearly indicates that Grace understood and voluntarily entered into the plea agreement, and Grace does not argue the contrary.

Even discounting the waiver, the Fifth Circuit has expressly addressed whether *Booker* and *Blakely* are retroactively applicable on collateral review:

> [I]t is clear that *Booker* has not been made retroactive to cases on collateral review by the Supreme Court.  The Supreme Court did not so hold in *Booker,* nor has the Court done so in any case since *Booker.*  The same is true with respect to *Apprendi* and *Blakely*.  In fact, in *Booker,* the Court expressly held that both the Sixth Amendment holding and its remedial interpretation apply "to all cases on *direct* review."  125 S.Ct. at 769 (emphasis added).  The Court could have, but did not, make any reference to cases on collateral review.
>
> In addition, the Supreme Court has not rendered any decision or combination of decisions that, while not expressly making the rule of *Apprendi, Blakely* and *Booker* retroactive, "necessarily dictate[s] retroactivity" of that rule.  *Tyler,* 533 U.S. at 666, 121 S.Ct. 2478.  To the contrary, the Supreme Court has strongly suggested that *Apprendi* and, by logical extension, *Blakely* and *Booker* do not apply retroactively on collateral review.  *See Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (2004) (holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, does not apply retroactively to cases on collateral review).

*In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005); *see U.S. v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005) (holding that *Booker* does not apply retroactively to initial section 2255 motions).  Simply put, *Booker* and *Blakely* are not retroactively applicable on collateral review.  Consequently, the

Court finds that Grace's motion to vacate pursuant to 28 U.S.C. § 2255 should be denied. It is therefore,

ORDERED AND ADJUDGED that Grace's motion to vacate [47-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the above styled action be, and is hereby, dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 1st day of March, A.D., 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE